1  David T. Biderman, Bar No. 101577
   DBiderman@perkinscoie.com
2  Aaron R. Goldstein, Bar No. 239423
   AGoldstein@perkinscoie.com
3  PERKINS COIE LLP
   1888 Century Park E., Suite 1700
4  Los Angeles, CA  90067-1721
   Telephone:  310.788.9900
5  Facsimile:  310.843.1284

6  Attorneys for Defendants
   CALIBER HOME LOANS, INC., and
7  FEDERAL HOME LOAN MORTGAGE
   CORPORATION

8

9                UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11

12 JOSE NODAL and MARTHA               No. 13-CV-2803 GPC WMC
   NODAL,
13                                     **DEFENDANTS CALIBER HOME
                Plaintiffs,            LOANS, INC. AND FEDERAL
14                                     HOME LOAN MORTGAGE
        v.                             CORPORATION'S
15                                     MEMORANDUM OF POINTS AND
   CALIBER HOME LOANS, INC.;           AUTHORITIES IN SUPPORT OF
16 FEDERAL HOME LOAN                   MOTION TO DISMISS
   MORTGAGE CORPORATION; and           PLAINTIFFS' COMPLAINT**
17 DOES 1-10, inclusive,
                                       **[FED. R. CIV. P. 12(b)(6)]**
18              Defendants.
                                       *[Filed with Notice of Motion to Dismiss;*
19                                     *and Request for Judicial Notice]*

20                                     Date:        March 21, 2014
                                       Time:        1:30 p.m.
21                                     Courtroom:   2D (Schwartz)
                                       Judge:       Hon. Gonzalo P.
22                                                  Curiel

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

CALIBER HOME LOANS, INC. ("Caliber") and FEDERAL HOME LOAN MORTGAGE CORPORATION ("Freddie Mac") (collectively, "Defendants") hereby submit their memorandum of points and authorities in support of their motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint filed by Plaintiffs Jose and Martha Nodal ("Plaintiffs") and each and every cause of action brought against Defendants therein.

## I.      SUMMARY OF THE ARGUMENT

Plaintiffs borrowed $387,450.00 to purchase a property in Chula Vista, California in August 2011.  Plaintiffs defaulted on their loan obligations in 2012. After failing to obtain a loan modification, Plaintiffs initiated this lawsuit against Defendants.  Despite conceding that they are behind on their loan payments, Plaintiffs now ask for monetary damages and injunctive relief in hopes of preventing a non-judicial foreclosure sale.

In this purported "wrongful foreclosure" action, Plaintiffs' Complaint fails to set forth any, let alone sufficient, facts upon which a claim for relief arising from wrongful foreclosure can be stated against Defendants, only providing mere labels and conclusory allegations cast as purported factual allegations.  Plaintiffs' Complaint is completely without merit and contrary to established California foreclosure law under which the foreclosure of Plaintiffs' property--whose loan obligations they admit they did not pay--may proceed to nonjudicial sale.  Plaintiffs cannot cure the fatal defects of their Complaint.

For the reasons set forth herein, Defendants request that the Court grant the motion to dismiss without leave to amend and dismiss this action with prejudice.

## II.      FACTUAL BACKGROUND

On or about August 10, 2011, Plaintiffs borrowed $387,450.00 from JP Morgan Chase Bank, N.A. ("Chase Bank"), secured by a Deed of Trust recorded against 1650 Malta Avenue, Chula Vista, California, 91911 (the "Property").  (*See*

1  Request For Judicial Notice ("RJN"), Exh. "A".)  The Deed of Trust identified

2  Chase Bank as trustee and  beneficiary.  (*Id*.)

3        On March 25, 2013, a Substitution of Trustee was recorded, substituting

4  Northwest Trustee Services, Inc. in place of Chase Bank.  (RJN, Exh. "B".)

5        On May 9, 2013, an Assignment of Deed of Trust transferred the beneficial

6  interest from Chase Bank to Caliber (formerly known as Vericrest Financial, Inc.)

7  (RJN, Exh. "C".)  That assignment was recorded on July 18, 2013.  (*Id*.)

8        To date, there has not been, nor do Plaintiffs allege that, a Notice of Default

9  (or Notice of Trustee's Sale) has been recorded against the Property.  Caliber

10  currently acts as the servicer of the loan.  (Complaint, ¶ 11.)

11                          **III.   ARGUMENT**

12  **A.     Standard for a Motion to Dismiss**

13        A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in

14  the complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

15  does not need detailed factual allegations, a plaintiff's obligation to provide the

16  'grounds' of his 'entitlement to relief' requires more than labels and conclusions,

17  and a formulaic recitation of the elements of a cause of action will not do."  *Bell*

18  *Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  "[F]actual allegations

19  must be enough to raise a right to relief above the speculative level."  *Id*. at 1965.

20  To survive a motion to dismiss, a plaintiff must do more than assert "threadbare

21  recitals of the elements of a cause of action, supported by mere conclusory

22  statements."  *Ashcroft v.Iqbal*, 129 S.Ct. 1937, 1940 (2009).  A complaint must

23  "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. 570. "A

24  claim has facial plausibility when the plaintiff pleads factual content that allows the

25  court to draw the reasonable inference that the defendant is liable for the

26  misconduct alleged."  *Ashcroft*, 129 S. Ct. 1949.  Although "[t]he plausibility

27  standard is not akin to a 'probability requirement,'" the complaint must demonstrate

28  "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  A

1  plausible claim for relief requires "enough fact[s] to raise a reasonable expectation
2  that discovery will reveal evidence to support the claim. *Twombly*, 550 U.S. 556.

3      In considering a motion pursuant to Rule 12(b)(6), a court must accept as true
4  all material allegations in the complaint, as well as all reasonable inferences to be
5  drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). However,
6  a court need not accept as true unreasonable inferences or conclusory legal
7  allegations cast in the form of factual allegations. *Ashcroft*, 129 S. Ct. 1949
8  (assumption of truth does not apply to "legal conclusions couched as a factual
9  allegation."). *See also*, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th
10  Cir. 2009); and *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

11      Moreover, when evaluating the adequacy of a complaint, the court may
12  consider exhibits submitted with the complaint or those that are subject to judicial
13  notice, without converting a motion to dismiss into a motion for summary
14  judgment. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v. City of
15  Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Durning v. First Boston Corp.*, 815
16  F.2d 1265, 1267 (9th Cir. 1987).

17      Plaintiffs' Complaint contains only conclusory allegations, and is devoid of
18  factual content from which any reasonable inference may be drawn that Defendants
19  are responsible for the misconduct alleged and should be dismissed with prejudice.

20  **B.    Each Cause of Action Should Be Dismissed For Failure to Allege A
       Willingness and Ability to Tender the Amounts Owed**

21      While this motion addresses the defects set forth in the Complaint, it is
22  imperative to note at the outset that Plaintiffs' arguments are further undercut by
23  their inability to satisfy California's "Tender Rule."

24      Plaintiffs defaulted on their loan and remain in default. Plaintiff now seeks
25  to prevent the foreclosure sale. However, Plaintiff has failed to comply with the
26  Tender Rule. In short, Plaintiff is asking this Court to prevent a sale despite the fact
27  that it would be a futile effort given the inability to cure the outstanding default.
28

This renders the alleged "defects" in the foreclosure process completely irrelevant and moot. Borrowers who have defaulted on their payments must first tender the full amount owed on their loan before they can request the Court to exercise its equitable powers to provide redress from a foreclosure. *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 577 (1984).

California courts apply the tender rule to any cause of action that is based upon, or necessarily implies allegations of wrongful foreclosure. *Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1101, 1109 (1996) (in affirming sustaining of demurrer without leave to amend court explained that the tender rule applies to "any cause of action for irregularity in the sale procedure"); *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal.App.3d 1214, 1225 (1985) (affirming judgment of nonsuit); *Arnolds Mgmt. Corp.*, *supra*, at 579 (affirming sustaining of demurrer without leave to amend on claims of wrongful foreclosure, fraud, and negligence). The tender rule is strictly applied and tender of the full amount owed must be alleged in order to state facts constituting a cause of action. *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003*); Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal.App.3d 112 (1971); *Abdallah*, *supra* at 1109. Even a challenge on technical grounds, absent a tender of the full amount of the loan is futile and should be denied. *See U.S. Cold Storage*, *supra* at 1225. The rationale behind this rule is that if plaintiff could not have redeemed the property [i.e., paid the full loan amount] had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiff. *FPCI RE-HAB 01 v. E & G Inv. Ltd.*, 207 Cal.App.3d 1018, 1022 (1989). Moreover, tender must be unambiguous, as the court stated in *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003): "[i]t is a borrower's responsibility to make an unambiguous tender of the amount due or else suffer the consequences that the tender is of no effect."

The tender rule also applies prior to a foreclosure sale. *See Hollins v. Recontrust. N.A.*, 2011 WL 1743291,*4 (C.D.Cal.2011) ( "In opposing Defendants'

motion, Plaintiffs protest that they were not required to comply with the tender rule because the trustee sale has not yet occurred in this case.  This argument, however, suffers from two fatal flaws.  First, it finds no support in the case law. To the contrary, courts have consistently held that plaintiffs bringing claims for wrongful foreclosure must offer to tender the full amount owed to sustain a cause of action regarding any aspect of the foreclosure sale procedure.")  Here, Plaintiffs have failed to demonstrate willingness and ability to meet the Tender Rule.  Plaintiffs have not pled or otherwise suggested that they made or offered a tender to pay their debt, or is even capable of tendering the entire amount in default.  Accordingly, each and every cause of action requiring tender is fatally defective.

### C.    Plaintiffs Fail to State a Claim Upon Which Relief Can Be Granted With Respect to Each Cause of Action Alleged Against Defendants

Plaintiffs' Complaint includes four causes of action: (1) violation of the Homeowner's Bill of Rights; (2) breach of implied covenant of good faith and fair dealing; (3) violations of Cal. Bus. & Prof. Code § 17200; and (4) negligent infliction of emotional distress.  Plaintiffs' supporting argument for each cause of action ignores California's comprehensive statutory framework governing nonjudicial foreclosures.  For the reasons set forth below, Plaintiffs' claims are all subject to dismissal.

### 1.    Plaintiffs' Claim for Violations of the Homeowner's Bill of Rights (Cause One) Fails as a Matter of Law

Plaintiffs are unable to state a claim under Civil Code section 2923.55.  The section mandates certain notification requirements *before* a Notice of Default can be recorded.  Ca. Civ. Code § 2923.55 ("A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent may not record a notice of default pursuant to Section 2924 until all of the following…").  Given that Defendants have not recorded any Notice of Default (and Plaintiffs' Complaint does not allege any recordation), Plaintiffs are unable to state a violation under the aforementioned statute, they are not able to assert a claim for injunctive or declaratory relief.  Therefore, the cause of action is subject to dismissal.

1       Further, Plaintiffs' Complaint merely recites excerpts of the Civil Code, §§

2  2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11 and 2924.17, without pleading

3  any facts demonstrating any violation by Defendants.  (Complaint, ¶¶ 22-23.)  The

4  complaint must contain sufficient factual matter to state a claim that is plausible on

5  its face.  *Twombly*, 550 U.S. 570   Here, it does not.  Plaintiffs just offer a

6  conclusory statement that Defendants have somehow violated the aforementioned

7  provisions.  This cause of action is a threadbare recitation of the elements of the

8  statutes.  As there is no pending trustee's sale, nor any Notice of Default recorded,

9  again, Plaintiffs request to enjoin any sale is moot and they are not able to assert a

10 claim for injunctive or declaratory relief.  Accordingly, this claim is subject to

11 dismissal.

12      Additionally, as to Freddie Mac, Plaintiffs fail to allege that Freddie Mac

13 took part in the servicing of their loan.  Plaintiffs fail to allege any facts under

14 which Freddie Mac can be liable under the Homeowner's Bill of Rights.  Currently,

15 as there has been no sale of the property (no "Trustee's Deed" recorded with the

16 San Diego County Recorder's Office) to date, it is curious and questionable as to

17 Freddie Mac's involvement in this case.[1]  As Plaintiffs fail to make clear their

18 allegations against this Defendant, whom is not a loan servicer, Plaintiffs' claims

19 should be dismissed in their entirety as to Freddie Mac.

20 _____

21 [1] Plaintiffs, in ¶ 3 of their Complaint, claim Freddie Mac to be the owner of the

22 Property following a Trustee's Sale.  However, no "Trustee's Deed" has been

23 recorded and this allegation strangely cuts against the relief requested in their

24 Complaint -- to "enjoin Defendants from attempting to foreclose on the subject

25 property… ."  A Trustee's Deed of Sale would indicate a complete non-judicial

26 foreclosure.  As to the Deed of Trust at issue, RJN Exh. A, no Notice of Default or

27 Sale has been recorded.  Plaintiffs' pleading is conclusory and not substantiated

28 with any facts.

     MOTION TO DISMISS (13-CV-2803)

Lastly, while Plaintiffs allude to a "failure" by Defendants to review Plaintiffs' application for a loan modification (Complaint, ¶ 24), this claim is unsupported as there is no California or federal law compelling a lender or servicer to modify a borrower's loan.  Likewise, Civil Code § 2923.4 makes clear that while "borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any ...[n]othing in the act ... shall be interpreted to require a particular result of that process." *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214, 222-223, n.9, 231 (June 2, 2010).  Civil Code § 2923.5 merely requires discussions concerning foreclosure alternatives.  *Dizon v. California Empire Bancorp, Inc.*, 2009 U.S. Dist. LEXIS 109339, at *14 (C.D. Cal. Nov. 9, 2009); *Kuoha v. Equifirst Corp.*, 2009 U.S. Dist. LEXIS 94699, at *13 (S.D. Cal. Oct. 7, 2009) ("Section 2923.5 imposes no such mandate.")  Plaintiff pleads no facts to support their claim that Defendants failed to review Plaintiffs for a loan modification in good faith.

As it is clear that Plaintiffs will be unable to cure the defects in their pleading, Plaintiffs' first cause of action should be dismissed without leave to amend.

### 2. Plaintiffs' Claim for Breach of Implied Covenant of Good Faith and Fair Dealing (Cause Two) Fails as a Matter of Law

In order to state a claim for breach of the implied covenant of good faith and fair dealing, Plaintiffs must allege: (1) the existence of some specific contractual obligation; and (2) interference with plaintiffs' performance of the contract or failure to cooperate with the plaintiffs.  *Racine & Laramie, Ltd. v. Department of Parks and Recreation*, 11 Cal.App.4th 1026, 1031-1032 (1992). "The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation." *Id*.

This implied covenant does not extend beyond the terms of the contract at issue.  *Guz v. Bechtel National, Inc.*, 24 Cal.4th 317, 349 (2000). "The covenant

1   'cannot impose substantive duties or limits on the contracting parties beyond those

2   incorporated in the specific terms of their agreement.'" *Agosto v. Astor*, 120

3   Cal.App.4th 596, 607 (2004) (citations omitted).  It cannot create, expand or

4   contradict contractual terms no matter how seemingly unfair.  *Storek & Storek*, *Inc.*

5   *v. Citicorp Real Estate, Inc.*, 100 Cal.App.4th 44 (2002); *Racine*, 11 Cal.App.4th at

6   1032 & 1043-45. "The covenant is implied in contracts, not in negotiations."  *Hafiz*

7   *v. GreenPoint Mortgage Funding, Inc.*, 652 F.Supp.2d 1039, 1046 (N.D.Cal.,2009).

8          Here, the first Deed of Trust expressly permits the Lender to invoke the

9   power of sale where Plaintiff is in default.  (RJN, Exh. "A" at ¶ 22.)  There can be

10   no breach of an implied covenant where the implied covenant is in direct opposition

11   with an express covenant under the contract.  Additionally, nowhere in the Deed of

12   Trust is there *any language whatsoever* that Defendants are required to modify

13   Plaintiffs' Loan.  (*Id*.)  This is consistent with California law which does not require

14   lenders or services to permanently modify mortgage loans.  *Mabry*, 185 Cal. App.

15   4th at 214.

16          Moreover, "tort recovery for breach of the covenant of [good faith and fair

17   dealing] is available only in limited circumstances, generally involving a special

18   relationship between the contracting parties, such as a relationship between the

19   insured and its insurer." *Bionghi v. Metro Water Dist.*, 70 Cal.App.4th 1358, 1370

20   (1990).  Where, as here, the disputed transaction is a typical credit transaction

21   involving an ordinary lender-borrower relationship, tort remedies are unavailable.

22   *Mitsui Manufacturers Bank v. Sup. Ct.*, 212 Cal.App.3d 726, 796 (1989) (rejecting

23   borrower's claim against bank for tortious breach of the implied covenant, stating

24   "we reject real parties' argument that the tort doctrine which as been extended only

25   to situations where there are fiduciary-like relationships between the parties, should

26   encompass normal banking transactions.")

27          In this case, Plaintiffs fail to allege facts to support the existence of a

28   "fiduciary" relationship between themselves and any of the moving Defendants.

1   Assuming Plaintiffs were to even meet this threshold, the claim would still fail

2   because the cause of action is based upon Plaintiffs prior allegations founded upon

3   a violation of the Homeowner's Bill of Rights.  As set forth above, Plaintiffs fail to

4   adequately state actionable claims under these theories.

5           **3.   Plaintiffs' Claim for Violations of Cal. Bus. & Prof. Code § 17200 (Cause Three) Fails as a Matter of Law**

6           Plaintiffs conclusorily alleges that Defendants violated California Business

7   and Professions Code § 17200 et seq. ("UCL") by virtue of the conduct alleged in

8   their other causes of action.  To state a claim under the UCL, Plaintiff must allege

9   that a given defendant engaged in an "unlawful, unfair or fraudulent business act or

10  practice" as a result of which Plaintiff suffered an "injury in fact" and "lost money

11  or property." *See* Bus. & Prof. Code § 17204; *Bernardo v. Planned Parenthood

12  Fed. of America*, 115 Cal. App. 4th 322 (2004).  A UCL claim is predicated entirely

13  upon a violation of another statutory or common law.  Thus, a UCL claim stands or

14  falls "depending on the fate of antecedent substantive causes of action."  *Krantz v.

15  BT Visual Images*, 89 Cal. App. 4th 164, 178 (2001).  Plaintiffs predicate their UCL

16  claim on the same allegations and theories which fail to state any other viable legal

17  claim.  As discussed throughout, Plaintiffs' theories have been repeatedly rejected

18  by the California courts and cannot provide the basis for a valid claim against

19  Defendants.

20          "When the Legislature has permitted certain conduct, 'courts may not

21  override this determination," by declaring such conduct actionable under... section

22  17200."'  *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 644

23  (2008) (citing *California Med. Assn v. Aetna US Healthcare, Inc.*, 94 Cal. App. 4th

24  151, 169 (2001)).  In this case, Defendants have fully complied with the California

25  non-judicial foreclosure statutory scheme, and nothing but conclusory allegations

26  have been presented to the contrary.  Moreover, California prohibits requirements

27  of judicial proof in a non-judicial foreclosure.  *Gomes*, 192 Cal. App. 4th at 1154

28

MOTION TO DISMISS
(13-CV-2803)

1  (holding that there is no legal authority to initiate a lawsuit under the nonjudicial
2  foreclosure scheme).

3        Further, to whatever extent Plaintiffs attempts to bring claims under the
4  UCL's "unfair" or "fraudulent" prong, this claim is inadequately pled.  An alleged
5  "unfair" practice must be "tethered" to specific "constitutional, statutory, or
6  regulatory provisions." *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917,
7  940 (2003).  Plaintiffs fail to plead facts showing that Defendants engaged in any
8  such "unfair" practices.  *See Simila v. American Sterling Bank*, 2010 WL 3988171,
9  *6 (S.D. Cal. Oct. 12, 2010) (dismissing UCL claim on this basis). Further, the
10 complaint fails to plead, with ***particularity***, who, where, and when any employee or
11 agent of Defendants engaged in any conduct violative of the UCL.  *See Khoury,* 14
12 Cal. App. 4th at 619.

13       Lastly, a plaintiff has standing to bring a UCL claim if he is "a person who
14 has suffered injury in fact and has lost money or property as a result of the unfair
15 competition."  UCL at § 17204.  A plaintiff must also show a causal connection
16 between the UCL violation and his injury in fact.  *Rubio v. Capital One Bank*, 613
17 F.3d 1195, 1204 (9th Cir. 2010).  Here, Plaintiffs do not have standing because they
18 have not alleged a loss of money or property caused by Defendants' conduct.
19 Defendants' delay in processing or reviewing a loan modification is not the cause of
20 their financial hardship.  Plaintiffs defaulted on the loan and it is their own inability
21 to meet their obligations which appears to be the cause of his injury.

22       As such, Plaintiffs' Section 17200 claim must be dismissed with prejudice.

23       **4.    Plaintiffs' Claim for Negligent Infliction of Emotional Distress
            (Cause Four) Fails as a Matter of Law**

24
25       Plaintiffs' negligent infliction of emotional distress ("NIED") claim is fatally
   flawed.  California law does not recognize NIED as an independent tort.  *Averbach*
26 *v. Vnescheconombank*, 280 F.Supp.2d 945, 960 (N.D. Cal. 2003); *Delfino v. Agilent*
27 *Techs., Inc.*, 145 Cal.App.4th 790, 818 (2006).  Instead, "the negligent causing of
28

emotional distress" is simply a negligence claim, and thus must satisfy the traditional elements of negligence. *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal.App.4th 1228, 1264 (2005); *Spates v. Dameron Hosp. Ass'n*, 114 Cal.App.4th 208, 213 (2003).

In order to state a claim for negligence, a plaintiff must plead: "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach; and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998).  "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1093 (1991).  "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential Invs.*, Inc., 118 Cal. App. 4th 269, 278 (2004).  Here, Plaintiff is unable to allege the existence of a legal duty.

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1096.  Absent "special circumstances not present here a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender." *Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006).  The same rules apply to a loan servicer.  A loan servicer does not owe a duty to the borrower of the loan it is servicing.  *Castaneda v. Saxon Mortg. Servs.*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009) ("As a servicer of the loan, Saxon does not owe a duty to the borrowers of the loans it services.").

In this present case, Defendants were the servicer and owner of the loan.  In short, neither the mortgage servicer nor a mortgage lender owes any duty of care to a borrower absent some special relationship.  Here, Plaintiffs allege nothing beyond

the ordinary lender/borrower scheme from which a fiduciary duty may be legally inferred.

The NIED claim also fails because the gravamen of Plaintiffs' alleged claim is in contract, not tort.  "In California, plaintiffs may seek remedies for strict liability and negligence only for physical injury to person or property, not for a pure economic loss." *Cal. Dept. of Toxic Substances v. Payless Cleaners*, 368 F. Supp. 2d 1069, 1084 (E.D. Cal. 2005).  A party who only suffers economic harm (not physical harm) may only re-cover damages based on a contractual claim, not based on a tort theory, such as negligence. *See San Francisco Unified Sch. Dist v. W.R. Grace & Co.*, 37 Cal. App. 4th 1318, 1330 (1995) (stating that damages sounding in tort must be for physical harm to persons or property). "Therefore, unless physical injury occurs, a plaintiff cannot state a cause of action for strict liability or negligence." A *Payless Cleaners*, 368 F. Supp. 2d at 1084.  Plaintiffs' alleged harm that arises out of Defendants' foreclosure on Plaintiffs' property is nothing more than alleged economic harm for which a negligence cause of action does not lie.

**D.    Plaintiffs' Complaint Should Be Dismissed Without Leave to Amend because Leave to Amend Would be Futile**

Though leave to amend is generally liberally granted, leave to amend here would be futile and a waste of judicial resources.  Where a motion to dismiss is granted, a district court should deny leave to amend when it is clear that the complaint could not be saved by any amendment.  *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).  Plaintiffs' Complaint is completely without merit and contrary to established California law.  Plaintiffs cannot cure the fatal defects of his Complaint.  Plaintiffs' Complaint in its entirety should be dismissed without leave to amend.

1

## IV.   CONCLUSION

2          For the above-stated reasons, Defendants respectfully requests that the court

3    grant its Motion to Dismiss Plaintiff's complaint in its entirety without leave to

4    amend.

5

6    DATED:  December 30, 2013          **PERKINS COIE LLP**

7

8                                                  By: */s/ Aaron R. Goldstein*
                                                       Aaron R. Goldstein, Bar No. 239423
                                                       AGoldstein@perkinscoie.com

9
                                                   Attorneys for Defendants
10                                                 CALIBER HOME LOANS, INC., and
                                                   FEDERAL HOME LOAN
11                                                 MORTGAGE CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS
                                                                                      (13-CV-2803)